FILED

1  KYLE ANTHONY PEREZ, ESTATE
2  Office of the General Executor
   General Delivery
3  In Care Of: P.O. Box 9653
   Canoga Park, California [91304-9998]
4  KylePerezEstate@gmail.com
5
6  Plaintiff in Propria Persona
7
8

2016 MAY 20  PM 12: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

9          **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11  Kyle, on Behalf of Himself,                    Case No.
12                          Plaintiff,      **CV 16 - 0 3 5 1 7 PSG(ASx)**
13          v.                              **VERIFIED COMPLAINT FOR**
                                            **PERMANENT INJUNCTION,**
14  TOYOTA FINANCIAL SERVICES,              **CIVIL PENALTIES,**
    EXPERIAN, EQUIFAX,                      **RESTITUTION AND OTHER**
15                                          **EQUITABLE RELIEF**
16                          Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

FILED

MAY 2 0 2016

Clerk, US District Court
COURT 4612

Plaintiff Kyle (hereafter "Plaintiff") sues Defendants TOYOTA FINANCIAL SERVICES ("Toyota"), EXPERIAN ("Experian"), and EQUIFAX ("Equifax") for money damages resulting from negligence, defamation and violations of the FCRA and FDCPA and declares:

## I. PRELIMINARY STATEMENT

1.     This is an action for money damages in excess of $75,000 for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and violations of the Fair Debt Collection Practices Act ("FDCPA") §809(b) arising out of TOYOTA's false reporting to EXPERIAN and EQUIFAX of an alleged delinquent debt of the Plaintiff that was never validated, and Experian and Equifax's failure to correct TOYOTA's false reporting on Plaintiff's EXPERIAN and EQUIFAX credit report, and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

## II. PARTIES

2.     Plaintiff is currently and was at all relevant times domiciled in the County of Los Angeles, California.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA §803(3).

4.     Defendant, TOYOTA, is a corporation doing business in the state of California with its principal place of business at: 19001 South West Avenue. Torrance, California 90501.

5.     TOYOTA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.     Defendant, EXPERIAN, is a corporation organized under the laws of the United States of America and is headquartered in Costa Mesa, California.

7.     EXPERIAN is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     EXPERIAN is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, EQUIFAX, is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

10.     EQUIFAX is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     EQUIFAX is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

### IV. FACTUAL BACKGROUND

13.     On or around March 2014, Plaintiff became aware that Defendants were reporting negative/derogatory remarks on Plaintiff's personal credit.

14.     On or around March 2014, Plaintiff demanded debt validation from Defendants.

15.     Over the course of more than two years, Defendants were never able to validate the alleged debt against Plaintiff, and Plaintiff was denied credit over a dozen times during that time and forced to pay a high rate of interest which cost Plaintiff in

1 excess of $10,000 as a proximate result of Defendants actions. Plaintiff was also
2 denied certain opportunities valued in excess of $75,000 as a proximate result of the
3 actions of Defendants.

4     16.   Plaintiff requested Defendants Experian and Equifax to remove the
5 negative/derogatory remark on His personal credit after a debt validation could not be
6 verified.

7     17.   On 14 March 2014 Defendants TOYOTA reported to Defendants
8 EXPERIAN and EQUIFAX that the alleged debt was "verified" but not "validated".

9     18.   On or around 17 November 2015 Plaintiff again asked Defendants to
10 remove the derogatory remark, as a proximate result of Defendant's actions Plaintiff
11 had noticed he was being denied credit and denied car loans and home loans as a
12 result of Defendants negligent actions.

13     19.   On 18 May 2016 Plaintiff called Defendant Toyota at (310) 468-4000
14 and spoke with "Adrian". Plaintiff confirmed his correspondence with Defendant
15 Toyota and notified "Adrian" that Plaintiff was being denied credit and a car at the
16 present time as a proximate result of Defendants actions. "Adrian" gave Plaintiff the
17 address for Defendant Toyota in Torrance, California. On the same day, Plaintiff sent
18 another letter of dispute by certified mail with a certificate of mailing, requesting debt
19 validation and attached here as Exhibit "A".

20     20.   The credit reporting agency TransUnion has already removed the
21 derogatory remark, only Defendants EXPERIAN and EQUIFAX refuse to remove the
22 derogatory remark, even though when one credit-reporting agency removes a
23 derogatory remark, they all should remove the derogatory remark.

24     21.   As of the date of this verified complaint, no deletion has occurred and
25 Plaintiff continues to be harmed and damaged by the actions of Defendants because
26 Plaintiff is being denied credit and can't buy a car or a house and is being denied
27 opportunity as a proximate result of Defendants negligent actions.

28

22.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EXPERIAN failed to remove the disputed item from Plaintiff's credit report.

23.    Upon information and belief, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute.

24.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, EQUIFAX failed to remove the disputed item from Plaintiff's credit report.

25.    Upon information and belief, EQUIFAX did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

26.    Defendants actions have damaged Plaintiff in that Plaintiff has been denied credit, denied car loans, denied home loans, denied furniture loans and has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the TOYOTA account.

## V. CLAIMS

### Negligence – Toyota

27.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.    TOYOTA 's false reporting to EXPERIAN and Equifax regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, TOYOTA breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

1    29.    As a proximate result, TOYOTA 's false reporting to EXPERIAN and
2  Equifax regarding the alleged delinquent debt of the Plaintiff has caused Plaintiff to
3  suffer substantial money damages and damage of character and reputation, including,
4  but not limited to, Plaintiff being denied car loans, home loans, furniture loans,
5  humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and
6  other compensatory and consequential damages TOYOTA's false reporting to
7  EXPERIAN and EQUIFAX regarding the alleged delinquent debt of the Plaintiff was
8  willful and wanton, entitling Plaintiff to punitive damages therefore.

9

10                          **Negligence – Experian**

11    30.    Plaintiff hereby adopts and incorporates the allegations contained in
12  paragraphs 1 through 29 as if fully set forth herein.

13    31.    Experian's failure to remove TOYOTA's false report of Plaintiff's
14  alleged delinquency from Plaintiff's credit report, despite Plaintiff's lawful notices to
15  EXPERIAN of the falsity of the report, was negligent.    In failing to remove
16  TOYOTA's false reports of Plaintiff's alleged delinquency, EXPERIAN breached its
17  duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to
18  maintain accurate credit histories for the Plaintiff, and acted with conscious disregard
19  for Plaintiff's rights.

20    32.    As a proximate result, Experian's negligent failure to remove
21  TOYOTA's false reports of Plaintiff's alleged debt of the Plaintiff's EXPERIAN
22  credit report has caused Plaintiff to suffer substantial money damages and damage of
23  character and reputation, including, but not limited to, Plaintiff being denied car loans,
24  home loans, furniture loans, humiliation and embarrassment, a substantial decline in
25  Plaintiff's credit rating, and other compensatory and consequential damages.

26    33.    Experian's failure to remove TOYOTA's false report of Plaintiff's
27  alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to
28

- 5 -

1  EXPERIAN of the falsity of the reports, was willful and wanton, entitling Plaintiff to

2  punitive damages therefor.

### Negligence – Equifax

4      34.    Plaintiff hereby adopts and incorporates the allegations contained in

5  paragraphs 1 through 33 as if fully set forth herein.

6      35.    Equifax's failure to remove TOYOTA's false report of Plaintiff's alleged

7  delinquency from Plaintiff's EQUIFAX credit report, despite Plaintiff's lawful notices

8  to EQUIFAX of the falsity of the report, was negligent. In failing to remove

9  TOYOTA's false reports of Plaintiff's alleged delinquency, EQUIFAX breached its

10  duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to

11  maintain accurate credit histories for the Plaintiff, and acted with conscious disregard

12  for Plaintiff's rights.

13      36.    As a proximate result, Equifax's negligent failure to remove TOYOTA's

14  false reports of Plaintiff's alleged debt of the Plaintiff's Equifax credit report has

15  caused Plaintiff to suffer substantial money damages and damage of character and

16  reputation, including, but not limited to, Plaintiff being denied car loans, home loans,

17  furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's

18  credit rating, and other compensatory and consequential damages

19      37.    Equifax's failure to remove TOYOTA's false report of Plaintiff's alleged

20  debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of

21  the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive

22  damages therefore.

### Defamation – Toyota

24      38.    Plaintiff hereby adopts and incorporates the allegations contained in

25  paragraphs 1 through 37 as if fully set forth herein.

26      39.    TOYOTA, with knowledge of the falsity of its statements, has published

27  and continues to publish statements to others, including, but not limited to, Experian

28  and Equifax, that Plaintiff was past due on the alleged TOYOTA account and that the

1   TOYOTA account was in collection status.  TOYOTA's statements were made with

2   conscious disregard for the rights of the Plaintiff.

3         40.    TOYOTA's publication of false statements regarding Plaintiff's

4   creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

5   defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,

6   consequential and punitive damages therefor.

7                        **Defamation – Experian**

8         41.    Plaintiff hereby adopts and incorporates the allegations contained in

9   Paragraphs 1 through 40 as if fully set forth herein.

10        42.    Experian, with knowledge of the falsity of its statements, has published

11  and continues to publish statements to others, including, but not limited to, TOYOTA

12  and other currently unknown entities and/or individuals who have accessed Plaintiff's

13  EXPERIAN credit report, that Plaintiff was past due on the alleged TOYOTA account

14  and that TOYOTA was in collection status.  In publishing such statements,

15  EXPERIAN acted with conscious disregard for the rights of the Plaintiff.

16        43.    Experian's publication of false statements regarding Plaintiff's

17  creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

18  defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special,

19  consequential and punitive damages therefor.

20                        **Defamation – Equifax**

21        44.    Plaintiff hereby adopts and incorporates the allegations contained in

22  Paragraphs 1 through 43 as if fully set forth herein.

23        45.    Equifax, with knowledge of the falsity of its statements, has published

24  and continues to publish statements to others, including, but not limited to, TOYOTA

25  and other currently unknown entities and/or individuals who have accessed Plaintiff's

26  Equifax credit report, that Plaintiff was past due on the alleged TOYOTA account and

27  that TOYOTA was in collection/delinquent status.  In publishing such statements,

28  EQUIFAX acted with conscious disregard for the rights of the Plaintiff.

46. Equifax's publication of false statements regarding Plaintiff's credit-worthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

### Negligent Violation of the Fair Credit Reporting Act – Toyota

47. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48. TOYOTA's false reporting to EXPERIAN of Plaintiff's alleged delinquency is a violation of TOYOTA 's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

49. TOYOTA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which TOYOTA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

### Negligent Violation of the Fair Credit Reporting Act – Experian

50. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

52. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.

1  §1681o, for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for

2  statutory damages, and for Plaintiff's reasonable fees associated with filing suit.

3  **Negligent Violation of the Fair Credit Reporting Act – Equifax**

4  53.    Plaintiff hereby adopts and incorporates the allegations contained in

5  Paragraphs 1 through 52 as if fully set forth herein.

6  54.    Equifax's repeated failure to remove the disputed item from Plaintiff's

7  credit report despite knowledge of the falsity of the disputed item is a violation of

8  Equifax's duty to ensure maximum possible accuracy of consumer reports under 15

9  U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under

10  15 U.S.C. §1681i.

11  55.    Equifax's failure to evaluate or consider any of Plaintiff's information,

12  claims or evidence, and its failure to make any and/or sufficient attempts to remove

13  the disputed item from Plaintiff's credit report within a reasonable time following

14  Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding

15  investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the

16  FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C.

17  §1681o, for which EQUIFAX is liable to Plaintiff for Plaintiff's actual damages, for

18  statutory damages, and for Plaintiff's reasonable fees associated with filing suit

19  **Willful Violation of the Fair Credit Reporting Act – Toyota**

20  56.    Plaintiff hereby adopts and incorporates the allegations contained in

21  Paragraphs 1 through 55 as if fully set forth herein.

22  57.    TOYOTA 's false reporting to EXPERIAN and EQUIFAX of Plaintiff's

23  alleged delinquency, despite TOYOTA 's knowledge of the falsity of its reporting, is a

24  willful violation of TOYOTA's duties as a furnisher of credit information pursuant to

25  the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

26  58.    Given TOYOTA's knowledge of the falsity of its reporting, TOYOTA's

27  violations of the FCRA amount to willful non-compliance with the FCRA as stated in

28  15 U.S.C. §1681n for which TOYOTA is liable to Plaintiff for Plaintiff's actual

1  damages, for statutory damages, for punitive damages, and for Plaintiff's reasonable
2  fees associated with filing suit.

3  **Willful Violation of the Fair Credit Reporting Act – Experian**

4  59.  Plaintiff hereby adopts and incorporates the allegations contained in
5  Paragraphs 1 through 58 as if fully set forth herein.

6  60.  Experian's failure to remove the disputed item from Plaintiff's credit
7  report despite knowledge of the falsity of the disputed item is a willful violation of
8  Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in
9  15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items
10  under 15 U.S.C. §1681i.

11  61.  Experian's failure to evaluate or consider any of Plaintiff's information,
12  claims or evidence, and its failure to make any and/or sufficient attempts to remove
13  the disputed item within a reasonable time following Experian's receipt of Plaintiff's
14  dispute is a willful violation of Experian's duties regarding investigation of disputed
15  items as stated in 15 U.S.C. §1681i.

16  62.  Experian's violations of the FCRA amount to willful non-compliance
17  with the FCRA as stated in 15 U.S.C. §1681n for which EXPERIAN is liable to
18  Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages
19  and for Plaintiff's reasonable fees associated with filing suit.

20  **Willful Violation of the Fair Credit Reporting Act – Equifax**

21  63.  Plaintiff hereby adopts and incorporates the allegations contained in
22  Paragraphs 1 through 62 as if fully set forth herein.

23  64.  Equifax's failure to remove the disputed item from Plaintiff's credit
24  report despite knowledge of the falsity of the disputed item is a willful violation of
25  Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in
26  15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items
27  under 15 U.S.C. §1681i.

28

65.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item <u>within a reasonable time</u> following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

66.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which EQUIFAX is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's reasonable fees associated with filing suit.

WHEREFORE Plaintiff Kyle demands judgment for money damages and injunctive relief against Defendants and demands:

1.     Trial by jury on all issues so triable;

2.     Judgment against each of the Defendants for statutory, compensatory, consequential, special and punitive damages in the amount of $75,000 per Defendant;

3.     The immediate removal of the derogatory remark from Plaintiff's credit;

4.     For Plaintiff's fees and costs associated with filing suit; and,

5.     Such other and further relief as the Court may deem reasonable and just under the circumstances.

DATED: 5/20/2016                    by: /s/ Kyle
                                    Plaintiff In Pro Per
                                    Office of the General Executor
                                    General Delivery
                                    In Care of: P.O. Box 9653
                                    Canoga Park, California [91304-9998]

1
2
3
4
5
6
7
8
9          **VERIFICATION**

10         I, Kyle, declare and state as follows:

11         1.      I am the Plaintiff in the above-entitled matter.  I have read the foregoing

12   Complaint and know the content thereof, and the same is true of my own knowledge,

13   except as to matters which are stated upon my own information and belief, which I

14   believe to be true.

15         I declare under penalty of perjury that the foregoing is true and correct.

16   Executed on 5/20/2016 at Los Angeles, California.

17                                          by:   _KP_____

18                                                Kyle
                                                  All Rights Reserved
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



KYLE ANTHONY PEREZ, Estate
Office of the General Executor
General Delivery
*Kyle*                    In Care Of: P.O. Box 9653
*Sole Representative*     Canoga Park, California [91304-9998]

SENT BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED      = = = = = = = = = = = = = = = = = = = = = = = = = = =

                              = = = = = = = = = = = = = = = = = = = = = = = = = = =

# __PRIVATE__

### THIS IS NOT A PUBLIC COMMUNICATION

## SILENCE IS ACQUIESCENCE, AGREEMENT, AND DISHONOR

18 May 2016

| | |
|---|---|
| Company: | Toyota Financial Services |
| From: | Office of the General Executor, KYLE ANTHONY PEREZ, Estate |
| To: | Offices of Toyota Motors |
| Attention: | WF21 |
| Account: | 571797416 |
| Re: | Notice of Conditional Acceptance/Debt Validation (14 March 2014) |

"An unrebutted affidavit stands as truth in commerce." – *legal maxim*

"An unrebutted affidavit is acted upon as the judgment in commerce." – *legal maxim*

### 2nd Notice of Conditional Acceptance

### Affidavit in the Nature of a Notice of Intent To Sue

"Indeed, no more than affidavits are necessary to make a prima facie case." (*See United States v. Kis*, 658 F. 2nd, 526, 536 (7th Cir. 1981): Cert Denied, 50 U.S.L.W. 2169; S. Ct. March 22, 1982.)

The doctrines of waiver and estoppel do not apply to subject matter jurisdiction determinations." (*Brady, supra*, 14 F.3d at p. 1007; *Intercontinental, supra*, 45 F.3d at p. 1286.)

i (hereafter "Me" or "My" or "Affiant") had notified your company Toyota Financial Services (hereafter "You" or "Toyota") on 14 March 2014. In My notice, i wished to validate any outstanding obligations or debts in relation to the above reference and account number.

Unfortunately, you failed to address the requests of my "Notice of Conditional Acceptance", wherein i outlined my wish to deal with this matter in honor and to verify that any outstanding obligations or debts in relation to the above reference and account number are in fact lawfully owed by Me or My person to Toyota. i am still being damaged by You!

You were asked to provide the following documentation so as to validate and substantiate

1. Proof that you still hold the **original/authentic** instrument of indebtedness.
2. Validation of the debt and proof that Toyota actually suffered a **loss**. (**Copy of the actual accounting**).
3. Proof of your claim against me in the form of a **sworn affidavit**; *or* an original and valid **bill**, with the words "**Bill**"/"**Invoice**" and "**Value**" on the face of it, complete with **signature**.
4. Copies of any bi-lateral **contracts** which create obligations on each party to perform, evidenced as such by **wet ink signatures** binding the parties in agreement.

To date, you have completely ignored these (failed to adequately respond/failed to validate your claims) requests and as such you are now in a state of <u>dishonour</u>. i am willing to offer a further TEN [10] days upon receipt of the above titled matter for you to validate your claims by sending the outlined documentation. As stated in the previous notice: i am willing to settle any *lawful* claims against me/my person upon receipt of the above requested validation. Should you fail to provide the requested validation, **<u>it MUST mean that</u>**:

1. You do not have a **valid** and **lawful** claim against me or my person and/or,
2. That there is no debt **owed by me** to Toyota and/or,
3. Any and all debts have already been **<u>paid in full</u>**, *and*
4. That you will be held liable for any **damages** I suffer, *and*
5. That any negative remarks made to a consumer reporting agency will be **deleted**, *and*
6. You will **cease** to purse this matter further.

Furthermore, failure to avail of this second opportunity will result in <u>estoppel by acquiescence</u>, and will have the effect of forever **barring** you from bringing any claims or charges against me or my person in relation to this matter in the future. i have made it very easy for your office to provide some form of debt validation. If you cannot provide the requested documentation in the allotted time, i require you immediately remove the derogatory remark from the major credit reporting agencies (TransUnion, Equifax, Experian). Failure to comply *will* result in lawful action in Federal Court.

Any rebuttal of the truth of the above statements **shall** (must) be in the form of an **affidavit**, **signed** under penalty of perjury by a high contracting officer or agent(s) of You/Flagship, notarized and sent with 'proof of service', USPS certified or registered mail number, or will stand as **void**. An unrebutted affidavit stands as **truth**. i eagerly await your timely response.

## <u>Verification</u>

i, Kyle, declare and affirm to the foregoing under the penalty of perjury of the Laws of the united States of America and the republic of California, and that the foregoing is correct and true, and that it's the truth, the whole truth and nothing but the truth so help me God; and that anything said contrary to, by any person (especially but not limited to any judicial or administrative officer), shall be accepted ("Presumed Presented") to be sworn or affirmed as the truth, the whole truth, and nothing but the truth.

Signed on this 18th day of May 2016.

by:_____, Seal
    All Rights Reserved, Without Prejudice



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Kyle, on Behalf of Himself,                                          CASE NUMBER
               PLAINTIFF,

v.

TOYOTA FINANCIAL SERVICES,
EXPERIAN, EQUIFAX,
               DEFENDANTS.
_____/

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of majority, employed in the County of Los Angeles, California and not a party to the within action. On 20 May 2016, I served a true copy of Summons and Complaint by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid and certified with certificate of mailing to the following:

Place of Mailing:   19001 South West Avenue. Torrance, California 90501

Executed on:        20 May 2016

I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
*Signature of Person Making Service*

**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Kyle, on Behalf of Himself | TOYOTA FINANCIAL SERVICES, EQUIFAX, EXPERIAN |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| KYLE ANTHONY PEREZ, ESTATE<br>Office of the General Executor<br>In Care Of: P.O. Box 9653<br>Canoga Park, California [91304-9998] | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
5 U.S.C. §1681 et seq. Permanent injunction, Civil penalties, Restitution and other Equitable relief for violations of the FCRA. and negligence and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 881 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV16 - 03517

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?**<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?**<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?**<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?**<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | **D.2. Is there at least one answer in Column B?**<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| **QUESTION F: Northern Counties?** | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (02/16)        CIVIL COVER SHEET        Page 2 of 3

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?　　　　　☒ NO　　☐ YES

　　　If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ NO　　☐ YES

　　　If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

　　　☐　A. Arise from the same or a closely related transaction, happening, or event;

　　　☐　B. Call for determination of the same or substantially related or similar questions of law and fact; or

　　　☐　C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

　　　☐　A. Arise from the same or a closely related transaction, happening, or event;

　　　☐　B. Call for determination of the same or substantially related or similar questions of law and fact; or

　　　☐　C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

| **X.  SIGNATURE OF ATTORNEY** **(OR SELF-REPRESENTED LITIGANT):** | by: KD | DATE: 5/20/2016 |
| --- | --- | --- |

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |